## DUNLOP TIRE & RUBBER CORPORATION et al. v. FIRESTONE TIRE & RUBBER CO. et al.
### No. 295.

District Court, D. Massachusetts.

April 15, 1940.

Herbert A. Baker, of Boston, Mass., and Benj. T. Rauber, of New York City, for plaintiffs.

Harrison F. Lyman and Hector M. Holmes, both of Boston, Mass., and Albert L. Ely, of Akron, Ohio, for defendants.

McLELLAN, District Judge.

1. The plaintiffs' motion is in part to strike portions of the defendants' answer relative to one of the patents on which the plaintiffs' action is based "on the ground that the defendants have failed and refused to answer" two of the plaintiffs' interrogatories. The portion of the answer which the plaintiffs moved to strike reads: "11. Further answering the Bill of Complaint as to the said Untiedt patent, defendants aver that the said patent is invalid and void as the same is without utility and that the process disclosed therein is inoperative."

The plaintiffs' interrogatories read, so far as here applicable, as follows:

"27. State wherein and in what respect the Untiedt patent No. 1,777,945 is inoperative, as alleged in paragraph 11 of defendants' answer.

"28. State wherein and in what respect the Untiedt patent No. 1,777,945 is without utility, as alleged in paragraph 11 of defendants' answer."

The defendants' answer to these interrogatories is that they are not familiar with the Untiedt patent and therefore interrogatories 27 and 28 can not be answered. A second paragraph of the plaintiffs' motion relates to other averments contained in the defendants' responsive pleading and these averments need not be stated or summarized. Interrogatories 27 and 28 and the defendants' answers to them relate also to these averments and the same question is raised as to them as to paragraph 11 of the answer heretofore appearing. Assuming without deciding that these interrogatories are of a type which need ever be answered, a defendant should not be deprived of its right to rely upon the invalidity of a patent, the infringement whereof the plaintiff alleges, just because he can not state wherein it is inoperative or lacking in utility.

2. Paragraph 3 of the plaintiffs' motion asks that the defendants be required "to complete the answer to plaintiffs' interrogatory 26 by supplying to plaintiffs, copies of papers or communications requested in said interrogatory." The plaintiffs are satisfied with what has now been done by the defendants and this aspect of the motion is no longer pressed.

3. It is unnecessary to summarize the defendants' motion for further answers to their interrogatories to the plaintiffs. The plaintiffs assenting thereto, the defendants' motion is granted, further answers to be furnished in part in or within ten days and the others which involve obtaining information abroad on or before June 1, 1940.

The plaintiffs' motion is denied, and as heretofore stated, the defendants' motion is granted.